**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
Aryanna Young, Esq. (SBN 344361)
aryanna@kazlg.com
2221 Camino Del Rio S, Suite 101
San Diego, CA 92018
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiffs
Terry Fabricant and Isaac Santiago

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Terry Fabricant and Isaac Santiago, individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Pro Source Lending Group, LLC,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C) ET SEQ.; AND**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiffs Terry Fabricant ("Plaintiff Fabricant") and Isaac Santiago ("Plaintiff Santiago")(together referred to as "Plaintiffs"), bring this action against

Defendant Pro Source Lending Group, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c).

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. Defendant Pro Source Lending Group, LLC is involved in business lending and consulting. Defendant engages in unsolicited communication, harming thousands of consumers in the process.

4. Through this action, Plaintiffs seek injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiffs also seek statutory damages on behalf of themselves and members of the class, and any other available legal or equitable remedies.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7. Unless stated otherwise, all the conduct engaged in by Defendant took place in the Southern District of Florida where Defendant is located.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiffs allege violations of a federal statute, the TCPA. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiffs seek up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements

3
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

of diversity jurisdiction and CAFA jurisdiction are present.

11. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provide and market its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff Fabricant occurred within the State of California and, on information and belief, Defendant has made the same phone calls complained of by Plaintiff Fabricant to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of California.

## PARTIES

12. Plaintiffs are both natural persons.

13. Plaintiff Terry Fabricant resides in the City of Los Angeles, California.

14. Plaintiff Santiago resides in the City of Orlando, Florida.

15. Defendant Pro Source Lending Group, LLC is a company based in Boca Raton, Florida, conducting business in lending and collection.

//

## THE TCPA

16. The TCPA states that the regulations required by paragraph (2) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

17. The TCPA further states that it is prohibited to "any person from making transmitting a telephone solicitation to the telephone number of any subscriber included in such database." 47 U.S.C. § 227(c)(3)(F).

18. The TCPA allows for a private right of action when a person has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

19. Additionally, the TCPA allows for a recovery for actual monetary loss for such a violation, or to receive up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

20. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

21. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

22. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

23. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the

purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

24. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

25. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

26. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In

re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

27. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

28. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## GENERAL ALLEGATIONS

29. At all times relevant, Defendant conducted business in the State of California.

**Plaintiff Fabricant**

30. Plaintiff Fabricant's phone number was added to the National Do Not Call Registry on June 4, 2008.

31. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).

32. On or around September 16, 2019, Plaintiff Fabricant received an autodialed phone call from 201-215-0355 to his personal number ending in **2755. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Defendant began speaking about a loan. Fabricant asked for an email. Plaintiff Fabricant then hung up and emailed the provided email address to stop calling. The email was lee@prosourcelg.com which Plaintiff Fabricant believes belongs to an agent of Defendant.

33. On or around September 18, 2019, Plaintiff Fabricant received another autodialed phone call from 201-215-0355 to his personal phone number of 818-800-2755. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Defendant and/or Defendant's agent once again spoke about a loan to Plaintiff. Plaintiff Fabricant again requested an email address and hung up. The email was mike@prosourcelg.com which Plaintiff Fabricant believes belongs to an agent of Defendant.

34. On or around September 24, 2019, Fabricant received another autodialed phone call from 201-215-0355 to his personal phone number of 818-266-1083. Upon information and belief, this number belongs to Defendant and/or

Defendant's agent. Fabricant requested an email address, requested Defendant stopped calling, and hung up.

35. On or around February 4, 2020, Fabricant received an autodialed call from 201-215-0355 to his personal number of 818-266-1083. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Defendant and/or Defendant's agent spoke about a loan to Plaintiff. Plaintiff Fabricant requested an email address and then hung up. The email Plaintiff Fabricant received was from robert@prosourcelg.com which Plaintiff Fabricant believes belongs to an agent of Defendant.

36. On or around February 5, 2020, Fabricant sent a letter to Defendant's attorney, asking the calls stop being made.

37. On or around October 16, 2020, Plaintiff Fabricant received another call that was nearly identical to all the previous calls. Plaintiff Fabricant again requested an email. The email address was keith@prosourcelg.com, which Plaintiff Fabricant believes belongs to an agent of Defendant due to the company name in the email address matching the official name of Defendant.

**Plaintiff Santiago**

38. Plaintiff Isaac Santiago's phone number was added to the National Do Not Call Registry on December 3, 2008.

39. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).

40. On or around September 7, 2023, Plaintiff Santiago, received an autodialed text from 321-384-5182. The text came from an "Aaron @FFG" asking if Plaintiff Santiago wanted a credit line. Upon information and belief, this number belongs to Defendant and/or Defendant's agent.

41. On or around September 22, 2023, Plaintiff Santiago received another autodialed text from 321-384-5182. The contents were similar to the previous text message. Upon information and belief, this number belongs to Defendant and/or Defendant's agent.

42. On or around October 5, 2023, Plaintiff Santiago received another autodialed text from 321-384-5182. The text was a follow up to the previous text message. Upon information and belief, this number belongs to Defendant and/or Defendant's agent.

43. On or around October 6, 2023, Plaintiff Santiago received another autodialed text from 321-384-5182. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Santiago requested Defendant to send him an email. Defendant sent Santiago an email with attachments including a

"Merchant Pre-Qualification Form" with Defendant's name included as an authorized recipient to obtain consumer information.

44. Defendant contacted the Plaintiffs from within this district, therefore the violation of the TCPA occurred within this district. Upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.

45. Plaintiffs did not provide Defendant with their express written consent to be contacted. This is in violation of 47 U.S.C. § 227(a)(5).

46. Defendant's unsolicited phone calls and text messages caused Plaintiffs actual harm, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

47. Defendant's phone calls and text messages also inconvenienced Plaintiffs and caused disruption to their daily life.

48. Defendant's unsolicited phone calls and text messages caused Plaintiffs actual harm. Specifically, Plaintiffs estimate that they spent numerous hours investigating the unwanted contacts including how they obtained their number.

49. Furthermore, Defendant's phone calls took up memory on Plaintiffs' cellular phones. The cumulative effect of unsolicited phone calls and voicemails like

Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

50. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

51. Plaintiffs bring this case on behalf of the Class defined as follows:

The TCPA DNC Class

> All persons within the United States who received two phone calls or text messages within a 12-month period from Defendant to said person's telephone, and such person had previously included their name on the National Do Not Call Registry at least 31 days prior to receiving Defendant first call or message, within the four years prior to the filing of this Complaint.

52. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

53. Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers on the national do-not-call registry throughout the United States without their prior express consent. The

members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

54. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

55. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   1) Whether Defendant made non-emergency calls and/or sent text messages to Plaintiffs' and Class members' cellular telephones;

   2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls and/or messages;

   3) Whether Defendant conduct was knowing and willful;

   4) Whether Plaintiff and the putative class members were on the do-not-call registry at the times they were called;

   5) Whether Defendant is liable for damages, and the amount of such damages; and

6) Whether Defendant should be enjoined from such conduct in the future.

56. The common questions in this case are capable of having common answers. If Plaintiffs' claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

57. Plaintiffs' claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

58. Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

59. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally

impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I

### NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)(5)

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

61. Plaintiffs re-allege and incorporate the foregoing allegations as if fully set forth herein.

62. A person who has received more than one telephone call or text message within any 12-month period at least 30 days after being on the national do-not-call registry by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

   **(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

   **(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

   **(C)** both such actions.

63. Defendant – or third parties directed by Defendant dialed numbers without to make non-emergency telephone calls or text messages to the telephones of Plaintiffs and the other members of the Class defined below.

64. These calls or messages were made without regard to whether or not Plaintiffs or class members were on the National Do Not Call Registry. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiffs and the other members of the putative Class when its calls were made.

17
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

65. Defendant has, therefore, violated § 227(c)(5) of the TCPA by making two or more non-emergency telephone calls or text messages to the phones of Plaintiffs and the other members of the putative Class without their prior express written consent.

66. Defendant knew that it did not have prior express consent to make these calls and text messages especially since Plaintiffs told Defendant they were not interested in what Defendant was offering. The violations were therefore willful or knowing.

67. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiffs and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiffs and the class are also entitled to an injunction against future calls. *Id*.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using a telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages;

d. An award of treble damages; and

e. Such further and other relief the Court deems reasonable and just.

## TRIAL BY JURY

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: January 29, 2024

Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE_____
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF